**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THEODORE BARRETT, RONALD KEIS, WILBUR MEDLEY, VICTOR TALMO, RAYMOND BROWN, GENE SCHULTZ, DAVID DEJESUS, DERRICK JACKSON, JOSEPH VINCENT, EMILIANO VAZQUEZ, D'ANDRE ROGERS, ELIU CARRERO, WILLIAM BRAMBLE, EUGENE COX, EARL GARRISON, MARKEZ GARRISON, RUSSELL HURST, ALLEN JOLLY, JOSHUA LEWIS, JAMES WELDIN, KEITH WOOLFORD, and JAKE FOX,<br>Plaintiffs, | ) | C.A. No. 1:14-cv-00742 LPS |
| v. | ) | |
| LAWRENCE MCDONALD MD, JILL MOSSER, CORRECT CARE SOLUTIONS, LLC, G.R. JOHNSON, LINDA VALENTINO, LAMONT HAMMOND, MICHAEL SANTINI, DONALD HUTSON, KURT JOHNSON, MICHAEL BABBER, and CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC.<br>Defendants. | ) | |

**ANSWER TO THE AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES OF DEFENDANTS MICHAEL SANTINI, DONALD HUTSON AND KURT JOHNSON**

Defendants Michael Santini, Donald Hutson and Kurt Johnson (collectively, the "Answering State Defendants'), by and through the undersigned counsel, hereby provide their Answer to the Amended Complaint (D.I. 20) (the "Amended Complaint") and Affirmative Defenses. Any allegation not specifically admitted is hereby denied.

1-5. Paragraphs 1-5 of the Amended Complaint contain plaintiffs' summary of their cause of action. For the most part, these allegations are not directed to the Answering State Defendants, and no response is therefore required. The Answering State Defendants specifically

deny any instances, pattern or practice of retaliation, and deny that the plaintiffs are entitled to relief in this action.

6. It is admitted that plaintiff Barrett has been incarcerated at Sussex Correctional Institution ("SCI"), in Georgetown, Delaware.

7. It is admitted that plaintiff Keis has been incarcerated at SCI.

8. It is admitted that plaintiff Medley has been incarcerated at SCI.

9. It is admitted that plaintiff Talmo has been incarcerated at SCI.

10. It is admitted that plaintiff Brown has been incarcerated at SCI.

11. It is admitted that plaintiff Schulz has been incarcerated at SCI.

12. It is admitted that plaintiff DeJesus has been incarcerated at SCI.

13. It is admitted that plaintiff Jackson has been incarcerated at SCI.

14. It is admitted that plaintiff Vincent has been incarcerated at SCI.

15. It is admitted that plaintiff Vazquez has been incarcerated at SCI.

16. It is admitted that plaintiff Rogers has been incarcerated at SCI.

17. It is admitted that plaintiff Carrero has been incarcerated at SCI.

18. It is admitted that plaintiff Bramble has been incarcerated at SCI.

19. It is admitted that plaintiff Cox has been incarcerated at SCI.

20. It is admitted that plaintiff Earl Garrison has been incarcerated at SCI.

21. It is admitted that plaintiff Markez Garrison has been incarcerated at SCI.

22. It is admitted that plaintiff Hurst has been incarcerated at SCI.

23. It is admitted that plaintiff Jolly has been incarcerated at SCI.

24. It is admitted that plaintiff Lewis has been incarcerated at SCI.

25. It is admitted that plaintiff Weldin has been incarcerated at SCI.

26. It is admitted that plaintiff Woolford has been incarcerated at SCI.

27. It is admitted that plaintiff Fox has been incarcerated at SCI.

28-42. The allegations of paragraphs 28-42 are not directed to the Answering State Defendants, and no response is therefore required. To the extent a response is deemed required, the Answering State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

43. It is admitted that Answering State Defendant Santini is employed by the Delaware Department of Correction and has been stationed at SCI. The remaining allegations of paragraph 43 are conclusions of law as to which no response is required.

44. It is admitted that Answering State Defendant Hutson is employed by the Delaware Department of Correction and has been stationed at SCI. The remaining allegations of paragraph 44 are conclusions of law as to which no response is required.

45. It is admitted that Answering State Defendant Johnson is employed by the Delaware Department of Correction and has been stationed at SCI. The remaining allegations of paragraph 45 are conclusions of law as to which no response is required.

46-142. The allegations of paragraphs 46-142 are not directed to the Answering State Defendants, and no response is therefore required. To the extent a response is deemed required, the Answering State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

143. The Answering State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 143, and on that basis deny them.

144. Denied.

145. Denied.

146. The allegations of paragraph 146 are conclusions of law as to which no response is required.

147. The allegations of paragraph 147 are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

148. The allegations of paragraph 148 are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

149. As to the allegations of the first sentence of paragraph 149, it is admitted that Mr. Schultz filed a grievance regarding the conduct of a "mental health worker Mike ?", but it is denied that Mr. Schultz has filed any grievance complaining of the conduct of any Answering State Defendant. The Answering State Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 149.

150-56. The allegations of paragraphs 150-56 are not directed to the Answering State Defendants, and no response is therefore required. To the extent a response is deemed required, the Answering State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

157. The Answering State Defendants lack knowledge or information sufficient to form a belief as to the truth of the first sentence of paragraph 157. The remaining allegations of paragraph 157 are denied.

158. Denied.

159. Denied.

160. The allegations of paragraph 160 are conclusions of law as to which no response is required.

161. The allegations of paragraph 161 are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

162. The allegations of paragraph 162 are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

163-72. The allegations of paragraphs 163-72 are not directed to the Answering State Defendants, and no response is therefore required. To the extent a response is deemed required, the Answering State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

173. The Answering State Defendants incorporate by reference their responses to the allegations stated in paragraphs 143-48.

174. Denied.

175-289. The allegations of paragraphs 175-289 are not directed to the Answering State Defendants, and no response is therefore required. To the extent a response is deemed required, the Answering State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

290. Denied.

291. Denied.

292. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

293. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

294. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

295. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

296. Denied.

297. Denied.

298. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

299. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

300. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

301. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

302. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

303. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

304. Denied.

305. Denied.

306. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

307. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

308. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

309. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

310. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

311. Denied.

312-28. The allegations of paragraphs 312-28 are not directed to the Answering State Defendants, and no response is therefore required. To the extent a response is deemed required, the Answering State Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

329. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

330. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

331. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

332. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

333. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

334. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

335. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

336. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

337. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

338. The allegations of this paragraph are conclusions of law as to which no response is required. To the extent a response is deemed required, the allegations are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Amended Complaint, in whole or in part, fails to state a claim against the Answering State Defendants upon which relief can be granted.

### Second Affirmative Defense

The claims against the Answering State Defendants set forth in the Amended Complaint, in whole or in part, are barred by the eleventh amendment and the doctrine of sovereign immunity.

### Third Affirmative Defense

The Answering State Defendants are entitled to qualified immunity on the claims asserted against them in the Amended Complaint.

### Fourth Affirmative Defense

Plaintiffs' claims against the Answering State Defendants should be dismissed, in whole or in part, due to their failure to exhaust administrative remedies.

**Fifth Affirmative Defense**

To the extent any of Plaintiffs' claims against the Answering State Defendants arise under State law (and it does not appear that they do), the Answering State Defendants are protected from liability by operation of the Delaware State Tort Claims Act.

**Sixth Affirmative Defense**

The above-referenced affirmative defenses represent only those defenses presently known to the Answering State Defendants, based on the information available to them. The Answering State Defendants reserve all rights to include additional and different Affirmative Defenses as those defenses become apparent through the discovery process.

WHEREFORE, the Answering State Defendants, by and through the undersigned counsel, respectfully request that the Court enter an order:

1. Dismissing all of Plaintiffs' claims with prejudice;
2. Awarding costs and attorneys' fees in favor of the Answering State Defendants; and
3. Awarding such other and further relief s the Court deems just and proper under the circumstances.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

*/s/ Scott W. Perkins*
Michael F. McTaggart (#2682)
Scott W. Perkins (#5049)
Deputy Attorneys General
Carvel State Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8324

*Attorneys for the Answering State Defendants*

DATED: November 10, 2014

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 10, 2014, he caused the attached *Answer to the Amended Complaint and Affirmative Defenses of Defendants Michael Santini, Donald Hutson and Kurt Johnson* to be filed with the Court via CM/ECF and served electronically to the following:

**Stephen A. Hampton**
**Elizabeth C. Fillingame**
Grady & Hampton
6 North Bradford Street
Dover, DE 19904

**Patrick Christopher Gallagher**
Curley & Benton LLC
250 Beiser Boulevard, Suite 202
Dover, DE 19904

**Chad J. Toms**
**Daniel A. Griffith**
Whiteford, Taylor & Preston, L.L.C.
Renaissance Centre, Suite 500
405 King Street
Wilmington, DE 19801-3700

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Scott W. Perkins
Scott W. Perkins (#5049)