IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THEODORE BARRETT, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. 14-742-LPS |
| | ) |
| LAWRENCE MCDONALD MD, et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pending before the Court are Movant Stanley Yelardy's Motion for Permissive Joinder, Motion to Seal, and Motion for Expedited Ruling. (D.I. 16; D.I. 32; D.I. 51) For the reasons set forth below, the Court will deny Yelardy's Motion for Permissive Joinder, grant Yelardy's Motion to Seal, and deny as moot his Motion for Expedited Ruling.[1]

### I. BACKGROUND

On May 9, 2014, Plaintiffs Theodore Barrett, Ronald Keis, Wilbur Medley, Victor Talmo, Raymond Brown, Gene Schultz, David DeJesus, Derrick Jackson, and Joseph Vincent filed a complaint in the Superior Court of the State of Delaware in and for New Castle County alleging various claims under 42 U.S.C. § 1983. (D.I. 1 at ¶ 3) Each claim arises out of alleged sexual abuse by Defendant Lawrence McDonald during medical examinations of the Plaintiffs while Plaintiffs were inmates at Sussex Correctional Institution ("SCI"). (D.I. 1, ex. 1 at ¶ 1) The original complaint named six Defendants: McDonald, Correct Care Solutions, LLC ("CCS"), Jill Mosser, G.R. Johnson, Linda Valentino, and Lamont Hammond. (*Id.*) On June 13,

---

[1]Other motions are pending. (*See* D.I. 22; D.I. 24; D.I. 45) The Court has scheduled oral argument for February 17, 2015. (D.I. 50)

1

Defendants Mosser and CCS removed the action to this Court. (D.I. 1)

On July 31, 2014, Movant Stanley Yelardy filed a Motion for Permissive Joinder, seeking to join this suit. (D.I. 16) Yelardy alleges sexual abuse by McDonald during medical examinations in violation of 42 U.S.C. § 1983. (*Id.* at ¶ 1) Unlike the Plaintiffs, however, Yelardy was not an inmate at SCI during the alleged abuse; he was incarcerated at the James T. Vaughn Correctional Center ("JTVCC"). (*Id.*) The claim Yelardy seeks to press would be against three or four of the Defendants in the instant action – McDonald, Mosser, and CCS, and possibly G.R. Johnson[2] – but would also add four new Defendants who are not part of the instant action (at least Perry Phelps, the warden at JTVCC, and three defendants who are identified only by their roles at JTVCC: the Health Services Administrator, the deputy warden who oversaw medical, and the major who oversaw medical). (*Id.* at ¶¶ 8-9) Yelardy's motion is opposed by Defendants Johnson, Valentino, and Hammond. (D.I. 19) Plaintiffs take no position. (D.I. 18)

On August 11, 2014, after Yelardy had filed his Motion for Permissive Joinder, Plaintiffs filed an Amended Complaint. (D.I. 20) This Amended Complaint added thirteen additional Plaintiffs and five additional Defendants. (D.I. 14) Each of the additional Plaintiffs, like the original Plaintiffs, claimed sexual abuse by McDonald during medical examinations while they were inmates at SCI. (*Id.* at ¶¶ 15-27) All of the claims against the additional Defendants also arose out of acts allegedly occurring at SCI. (*See generally id.* at ¶¶ 290-321)

On October 8, 2014, Yelardy filed a Supplemental Reply to his Motion for Permissive Joinder, which included an Affidavit of Historical Facts of Medical Events. (D.I. 31) Yelardy

---

[2]In his reply brief, Yelardy also indicates he would name G.R. Johnson as an additional Defendant. (D.I. 21 at 3)

2

filed a Motion to Seal on the same date, requesting that his affidavit be sealed because it contained personal medical information. (D.I. 32) The Motion to Seal is unopposed and will be granted. On December 10, 2014, Yelardy filed Motion for Expedited Ruling, requesting a ruling on his Motion for Permissive Joinder. (D.I. 51)

## II. LEGAL STANDARDS

### A. Motion for Permissive Intervention

Pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), the Court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." "Whether to grant permissive intervention under Rule 24(b), as the doctrine's name suggests, is within the discretion of the district court . . . ." *Brody v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992). To establish that intervention is warranted under Rule 24(b), the intervenor must demonstrate: (1) an independent basis for subject matter jurisdiction, (2) a timely motion, and (3) a claim or defense that has a common question of law or fact with the primary litigation. *See In re Linerboard Antitrust Litig.*, 333 F. Supp. 2d 333, 338-39 (E.D. Pa. 2004).

### B. Motion to Seal

A party seeking the sealing of documents has the burden of demonstrating that "good cause" exists to maintain protection of its information. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* at 786 (internal quotation marks and citation omitted).

3

## III. DISCUSSION

### A. Motion for Permissive Joinder

Although Yelardy identifies Rules 18 and 19 as the basis for "permissive joinder" (D.I. 16 at 1), a third party cannot move to be joined as a plaintiff, but instead, must move for intervention under Rule 24. *See Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 564 F. Supp 1358, 1371 (D. Del. 1983) (explaining that third party's motion on his own behalf to join as plaintiff should be treated as motion for intervention under Rule 24). Yelardy's motion does not identify any basis for intervention as of right under Rule 24(a) or a conditional right to intervene under Rule 24(b)(1)(A). Accordingly, the Court treats Yelardy's request as a motion for permissive intervention pursuant to Rule 24(b)(1)(B).

The first two requirements to demonstrate that permissive intervention is warranted are satisfied: this Court has subject matter jurisdiction over Yelardy's § 1983 claim and his motion was timely. *See In re Linerboard Antitrust Litig.*, 333 F. Supp. 2d at 338-39. With respect to the third requirement, there are, in some respects, common questions of law and fact, as Yelardy accuses McDonald of the same types of abusive conduct of which Plaintiffs also accuse McDonald. But there are many distinct facts that set Yelardy's claims apart from those of Plaintiffs. Most prominent is the fact that all of the acts Plaintiffs allege occurred at SCI, while all of the acts Yelardy alleges occurred at JTVCC. Allowing Yelardy to intervene, then, would expand this case into a second facility and require the addition of more Defendants. Although Yelardy alleges four overlapping defendants — McDonald, CCS, Mosser, and G.R. Johnson — it is unclear how Mosser or G.R. Johnson were even allegedly involved with JTVCC, as it is alleged in the Amended Complaint that they were employed at SCI. (D.I. 20 at ¶¶ 29-32, 38)

4

Additionally, each act of abuse against each inmate is a separate act, requiring its own proof. Also, Yelardy has no interest in the resolution of Plaintiffs' claims.

There may be some common questions of law relating to liability under § 1983 or state tort law – such as those raised in the pending motions to dismiss (D.I. 22; D.I. 24) – as between Plaintiffs' case and Yelardy's case. But, for any claims that survive the dismissal motion, the ultimate issue of liability will turn on different evidence for the Defendants who worked at SCI and those who worked at JTVCC.

Under the circumstances, the Court concludes that the appropriate exercise of its discretion is to deny intervention, which would here involve an expansion of the case to a second facility and with additional defendants.[3]

**B.  Motion to Seal**

Yelardy's motion to seal is unopposed. The affidavit describes Yelardy's medical history in detail. It is self-evident that disclosure of such material could "work a clearly defined and serious injury to the party seeking closure." *Pansy*, 23 F.3d at 786.

---

[3]The Court does not need to address whether Yelardy's claims are barred by the statute of limitations, although they may be (*see* D.I. 19 at 3), or the fact that permitting him to intervene would have the effect of allowing him to press his claims without paying the filing fee or obtaining *in forma pauperis* status. If Yelardy chooses to file his own case, the Court will, if necessary, address issues such as these in the context of Yelardy's case. *See generally Gerhardson v. Gopher News Co.*, 698 F.3d 1052, 1056 (8th Cir. 2012) (holding that statute of limitations is not tolled during pendency of motion to intervene that is denied).

5

## IV. CONCLUSION

Accordingly, for the reasons stated above,

IT IS HEREBY ORDERED that:

1. Movant Stanley Yelardy's Motion for Permissive Joinder (D.I. 16) is DENIED.

2. Movant Stanley Yelardy's unopposed Motion to Seal (D.I. 32) is GRANTED.

3. Movant Stanley Yelardy's Motion for Expedited Ruling (D.I. 51) is DENIED AS MOOT.

January 16, 2015
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE